No. 82,313

In the Matter of ANTONIO L. ORTEGA, *Respondent.*

(978 P.2d 914)

Opinion filed April 16, 1999.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for the petitioner.

There was no appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Antonio L. Ortega, of Wichita, an attorney admitted to the practice of law in Kansas.

Complaints filed against the respondent alleged that the respondent violated KRPC 1.1 (1998 Kan. Ct. Annot. 279) (competence); KRPC 1.3 (1998 Kan. Ct. R. Annot. 288) (diligence); KRPC 1.4 (1998 Kan. Ct. R. Annot. 296) (communication); KRPC 1.15 (1998 Kan. Ct. R. Annot. 333) (safekeeping property); KRPC 1.16 (1998 Kan. Ct. R. Annot. 341) (declining or terminating representation); KRPC 8.1 (1998 Kan. Ct. R. Annot. 382) (bar admission and disciplinary matters); and KRPC 8.4 (1998 Kan. Ct. R. Annot. 386) (misconduct); Supreme Court Rule 207 (1998 Kan. Ct. R. Annot. 222) (duties of the bar and judiciary); and Supreme Court Rule 208(c) (1998 Kan. Ct. R. Annot. 228) (registration of attorneys).

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The respondent failed to appear either in person or through counsel and the Disciplinary Administrator appeared by and through Marty M. Snyder, Deputy Disciplinary Administrator.

Based upon clear and convincing evidence, a unanimous panel made the following findings of facts and conclusions of law:

## FINDINGS OF FACT

"1. . . . Respondent failed to respond to letters from the Disciplinary Administrator's Office on the five complaints that were brought before the panel and

also failed to respond to letters and telephone calls from the Wichita Ethics and Grievance Committee.

"2. Respondent has failed to respond to the formal complaint mailed out to him on August 11 by the Office of the Disciplinary Administrator.

"3. In addition to letters sent to Respondent by first class mail, the Office of the Disciplinary Administrator attempted to notify Respondent by certified mail sent to his last registered office with the Clerk of the Appellate Courts of Kansas and also to his last known home address in Goddard, Kansas.

"4. In addition, the Office of the Disciplinary Administrator has attempted to get in touch with Respondent through [his niece] who is a lawyer in Kansas. A copy of the formal complaint, witness list, exhibit list, and notice of hearing were sent to [his niece] who indicated that she would attempt to circulate the documents among family members in an attempt to reach Respondent.

"5. Through the date of the hearing, Respondent had failed to respond to any of these notices.

"6. In two cases pending before the Honorable James R. Fleetwood, Judge of the Eighteenth Judicial District, Division 12, Respondent failed to appear in hearings in both cases in which Respondent was counsel of record.

"7. The investigator assigned by the Wichita Bar Association Ethics and Grievance Committee to investigate Respondent's conduct was unsuccessful in getting in touch with Respondent despite attempts over a 3½ month investigation.

"8. The investigator concluded that Respondent abandoned his practice without making any arrangements to protect his clients and that Respondent did not notify or attempt to notify his clients of his abandonment of his law practice.

"9. In two trial settings before the Honorable Clark V. Owens II, Judge of the Eighteenth Judicial District, Division 20, Respondent failed to appear. The matter was investigated by a representative of the Wichita Bar Association Ethics and Grievance Committee, who was unable to get in touch with Respondent despite repeated telephone calls and letters.

"10. The investigator concluded that Respondent had abandoned his law practice without prior notification to any of his clients and without making arrangements to protect his clients.

"11. On a hearing on a probation violation set before the Honorable Mark A. Vining, Judge of the Eighteenth Judicial District, Division 19, Respondent failed to appear for a hearing for which he was counsel of record for the defendant.

"12. After investigation, a representative of the Wichita Bar Association Ethics and Grievance Committee concluded that Respondent had abandoned his law practice without making arrangements to protect his clients and that Respondent had left the State of Kansas.

"13. Jonalou Pinnell testified that she had been appointed by the Wichita Bar Association's service to the Bar Committee and by court order to take charge of the law office abandoned by Respondent.

"14. Ms. Pinnell spent three months collecting, reviewing and distributing 63 clients files and supervised the return of 41 open files to clients so they could obtain substitute counsel.

"15. Based upon the condition of Respondent's law office and a note which Respondent left to his secretary stating that he was leaving Wichita and would not return and that his secretary was instructed to close the office, Ms. Pinnell concluded that Respondent abandoned his practice without taking any steps to notify his clients.

"16. Based upon complaint filed by Ms. Pinnell, a member of the Wichita Bar Association Ethics and Grievance Committee was appointed to investigate. The investigator was unable to make contact with Respondent during a 1 1/2 month investigation.

"17. In his report to the Wichita Bar Association Ethics and Grievance Committee, the investigator concluded that Respondent abandoned his law practice without making arrangements to protect his clients and without any advance warning that he was leaving the state and discontinuing the practice of law.

"18. [Client] paid Respondent a retainer of $3,000 to prepare a request for pardon or clemency to the Governor of Illinois on behalf of [client's] incarcerated daughter.

"19. [Client] contacted Respondent on numerous occasions requesting action, but Respondent did little or nothing on the matter.

"20.. The investigator appointed by the Wichita Bar Association Ethics and Grievance committee could not locate Respondent but did locate Respondent's former secretary and obtained an affidavit confirming the payment of the $3,000 retainer by [client]. Respondent's file on the case was disorganized and made it difficult to determine if anything had been accomplished by Respondent.

"21. The investigator concluded that Respondent had abandoned his representation of [client] prior to completing the work for which he had been paid the retainer. Respondent failed to respond to several requests by his client urging him to work on the file. Respondent left town without getting in touch with his client.

"22. Respondent has failed to notify the Clerk of the Appellate Courts of his change of address within 30 days as required, and Respondent has failed to pay his annual attorney registration fees for 1998.

"23. Respondent has failed to respond to numerous letters and requests for information from the Disciplinary Administrator's Office and representatives of the Wichita Bar Association Ethics and Grievance Committee."

## CONCLUSION OF PANEL

"In reaching its decision the hearing panel finds that the following law is applicable to the matter before the panel:

"I. The following provisions of the [Kansas] Rules of Professional Conduct are applicable.

1.1, Competence

1.3, Diligence

1.4, Communication

1.15, Safekeeping of Property

1.16, Declining or Terminating Representation

8.1, Bar Admission and Disciplinary Matters
8.4, Misconduct
"II. The following additional Supreme Court rules are applicable:
Rule 207, Duties of the Bar and Judiciary
Rule 208 (c), Registration of Attorneys."

## AGGRAVATING CIRCUMSTANCES

"(B) Dishonest or Selfish Motive. Respondent clearly was thinking only of his own motives and self interest when he abandoned his clients without further thought.
"(C) Pattern of Misconduct. Respondent abandoned numerous clients.
"(D) Multiple Offenses. Again, Respondent abandoned numerous clients.
"(E) Bad Faith Obstruction of Disciplinary Proceeding by Intentionally Failing to Comply With the Rules or Orders of the Disciplinary Process. Respondent failed to communicate with any of the investigators assigned to investigate his conduct, failed to communicate with the Disciplinary Administrator, and failed to appear at this hearing.
"(G) Refusal to Acknowledge the Wrongful Nature of His Conduct. Since there has been no contact between Respondent and any official of the Office of the Disciplinary Administrator, there has obviously been a refusal to acknowledge the wrongful nature of his conduct.
"(H) Vulnerability of the Victim. Respondent's legal work for his clients appears largely to have been the representation of individual clients on personal matters. Respondent was not representing sophisticated business clients knowledgeable about legal matters.
"(I) Substantial Experience in the Practice of Law. Respondent was admitted to practice for some 22 years."

## MITIGATING CIRCUMSTANCES

"(A) Absence of Prior Disciplinary Record.
"(G) Previous Good Character and Representation in the Community."

## RECOMMENDATION

"The hearing panel finds by clear and convincing evidence that Respondent abandoned his practice of law and apparently left the State of Kansas with no thought for his clients or their well being. Respondent wholly failed to respond to the requests for information from the investigators assigned to investigate these matters, and he wholly failed to communicate with the Office of the Disciplinary Administrator.

"The panel has reviewed Standards for Imposing Lawyer Sanctions' published by the Center for Professional Responsibility of the American Bar Association. The following standards appear to the panel to be in point:

"Rule 4.11 'Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.'

"Rule 4.41 'Disbarment is generally appropriate when: (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.'

"Rule 4.61 'Disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potential serious injury to a client.'

"Rule 7.1 'Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.'

"The panel cannot imagine a greater dereliction in duties than was displayed by the Respondent in this matter. Respondent's only apparent concern was for himself, and he gave absolutely no thought whatever to his clients or their welfare. Respondent did not communicate with any official or authority of the Wichita Bar Association or the Office of the Disciplinary Administrator for assistance for his clients, and Respondent apparently did not even ask for informal assistance from lawyers practicing in his same building, or from other lawyer acquaintances. The record is devoid of any suggestion that Respondent did anything to notify or assist his clients prior to the time Respondent simply walked out on them and abandoned his practice.

"It is the recommendation of the hearing panel that Antonio L. Ortega be disbarred. It is further the recommendation of this panel that Respondent be required to pay restitution to the lawyer's fund for client protection in the amount of $3,000, and that Respondent be required to pay for the costs of this proceeding and for such other costs as shall be certified by the Office of the Disciplinary Administrator."

The court, having considered the record and the final hearing report of the panel, concludes that its findings of fact are supported by clear and convincing evidence. The court further concludes that the conclusions of the panel are supported by its findings. We adopt the findings and conclusions of the panel. The court agrees with the recommendations of the panel that the respondent be disbarred.

IT IS THEREFORE ORDERED that Antonio L. Ortega be and he is hereby disbarred.

IT IS FURTHER ORDERED that the respondent shall forthwith pay restitution to the lawyer's fund for client protection in the

amount of $3,000 and comply with Supreme Court Rule 218 (1998 Kan. Ct. R. Annot. 246) and pay the costs of this action.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports.